IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| RICO HAYES, | ) | |
| | ) | |
| Petitioner, | ) | No. 4:16CV926 |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Original petition to vacate |
| | ) | sentence under 28 U.S.C. §2255 |
| Respondent. | ) | (No. 4:02CR536 CDP) |

**PETITIONER'S TRAVERSE TO GOVERNMENT'S SHOW CAUSE RESPONSE**

Petitioner, through his attorney, replies to the government's response to show cause as follows:

The government does not (and cannot) deny that *Johnson v. United States*, 135 S. Ct. 2551 (2015), constitutes a new Constitutional rule of law that applies retroactively to challenges raised against the Armed Career Criminal Act. The Supreme Court so ruled in *Welch v. United States*, 136 S. Ct. 1257 (2016). Nor does the government deny that Mr. Hayes could not be sentenced under the Armed Career Criminal Act were he facing original sentencing today, because his California convictions for burglary under Cal. Penal Code §459 do not qualify as the enumerated offense of burglary. Nevertheless, the Government asks this Court to deny him relief under *Johnson* by mistakenly reasoning that his claim for relief is based on *Descamps v. United States*, 133 S. Ct. 2276 (2013), rather than *Johnson*. The government did not attempt to address, or even acknowledge, the authorities cited in Mr. Hayes's original petition explaining why *Descamps* did not invalidate the California Burglaries as predicates under the residual clause. See Petitioner's Habeas Corpus Petition, DCD#1, at 3-4, *citing United States v. Navarro*, 2016 WL 1253830, *3 (E.D. Wash., 2016), and *Talmore v. United States*, 585 Fed. Appx. 567 (9th Cir. 2014) (unpub.).

The government's response is not only wrong on the law, it stands as an outlier. United States Attorneys for the Western District of Missouri and the District of Minnesota have joined petitions like

Mr. Hayes, agreeing that California Burglary convictions continued to qualify as violent felonies under

the residual clause, and that the ruling in *Johnson* invalidates those predicates in habeas corpus. *See,*

*e.g.,* United States v. Wayne Harris*,* No. 6:16CV3061-DW, DCD#9, Government's Response to Show

Cause, at 4 & n.4 (W.D. Mo., May 6, 2016) (government concedes that *Johnson* established right to

relief from ACCA sentence based on California burglary convictions); Eastin v. United States, No. 6-

05011-CV-W-DW, DCD#10, Government's Response to Movant's Motion under 28 U.S.C. §2255, at

pp. 2, 5 (W.D. MO., May 6,2 016); United States v. Melvin Lockett, No. 0:03CR83 DSD, DCD#126,

Expedited and Unopposed Motion to Vacate Sentence Under §2255, at p. 1 (D. Minn., Dec. 21, 2015)

(government joins in agreement with request to vacate ACCA sentence dependent upon California

Burglary predicate).

      As succinctly explained by the government in its response supporting relief in *Harris*:

>     In *Descamps*, the United States Supreme Court determined that the language of the
> California burglary statute was too broad to fit the definition of generic burglary.  133 S. Ct. at
> 2293.  However, in footnote 6 of the opinion, the Court left open the possibility that the
> California burglary conviction could be a violent felony under the residual clause.  *Johnson* has
> now removed that possibility.

United States v. Harris, No. 6:16CV3061-DW, DCD#9, Government's Response to Show Cause, at 4 &

n.4.

      The government's opposition in this case also appears to be an outlier within this district, as the

government stipulated that a defendant sentenced to an ACCA sentence based on a California Burglary

in this Court's Southern Division in Cape Girardeau stipulated that the defendant no longer qualified for

ACCA sentencing under ACCA stipulated that he no longer qualified based on *Johnson*.  *United States*

*v. George Mooney,* No. 1:05CR161-001 CAS, Stipulation for Order Granting Motion to Vacate

Sentencing Pursuant to 28 U.S.C. §2255 and Entry of Amended Judgment, at p. 2 (E.D. MO., July 13, 2016).[1]

The government does not deny that Mr. Hayes is entitled to resentencing if *Johnson* were deemed to apply to his predicate California burglary convictions.

## RELIEF REQUESTED

Therefore, because *Johnson* constitutes a new substantive rule, and the Supreme Court has established that substantive rules apply retroactively, petitioner Hayes's sentence must be immediately vacated pursuant to 28 U.S.C. § 2255(a), and a new sentencing conducted within the statutory limit sent in 18 U.S.C. §924(a)(2).  Mr. Hayes is entitled to be resentenced immediately without any application of the ACCA.  Furthermore, the improper application of the Armed Career Criminal Act, 18 U.S.C. §924(e) produced a five year term of supervised release, two years more than the law actually authorizes for Mr. his convictions.  The offense of being a felon in possession of a firearm carries a maximum prison term of 10 years, making it a Class C felony under 18 U.S.C. §3559(a)(3), with a maximum term of three years of supervised release pursuant to 18 U.S.C. §3583(b)(2).  Furthermore, because petitioner has been in federal custody far more than the 10 years maximum authorized for his offense, Petitioner accordingly requests that this Court issue an order for his immediate release from the Bureau of Prisons, pending resentencing.

---

[1] In fact, the government stipulated that a California conviction for second degree robbery, the same statute under which Mr. Hayes was convicted in his teenage California Robbery, also did no longer qualified as a crime of violence, id.  See United States v. Dixon, 805 F.3d 1193, 1197 (9th Cir. 2015) (California robbery statute does not qualify under the force clause because the force required can be satisfied by accidental, non-intentional force).

Respectfully submitted,

*/s/Lee T. Lawless*
LEE T. LAWLESS
Federal Public Defender
1010 Market, Suite 200
Saint Louis, Missouri
(314) 241-1255
Fax: (314) 421-3177
E-mail: Lee_Lawless@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2016, I transmitted the foregoing Motion to Vacate, Set Aside, or Correct Sentence using the CM/ECF system to the following ECF registrants:

Allison Behrens
Assistant United States Attorney
111 South Tenth Street, 25th Floor
Saint Louis, MO 63102

Copy mailed to: Petitioner Rico Hayes

*/s/Lee T. Lawless*
Federal Public Defender