UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICO HAYES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | )  No. 4:16 CV 926 CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Movant Rico Hayes seeks relief under 28 U.S.C. § 2255, relying on the recently decided U.S. Supreme Court cases of *Johnson v. United States,* 135 S.Ct. 2551 (2015) and *Welch v. United States,* 136 S.Ct. 1257 (2016). Hayes was sentenced to 188 months imprisonment under the Armed Career Criminal Act, 18 U.S.C. §924(3). The government concedes that were Hayes sentenced today he would not be subject to the fifteen-year mandatory minimum sentence under the ACCA. The government opposes the motion, however, arguing that Hayes is really seeking relief under *Descamps v. United States,* 133 S.Ct. 2276 (2013). I conclude that *Johnson* opened the door to the claim Hayes raises now, and that his sentence under the ACCA violates his due process rights under the constitution. Hayes has already served more time in jail than the proper statutory maximum sentence, and so I will reduce his sentence to time served.

**Background**

On February 20, 2003, a jury convicted Rico Hayes of two counts of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). Criminal Case No. 4:02CR536 DJS. On June 13, 2003, the Honorable Donald J. Stohr sentenced him to concurrent sentences of 188 months in prison, after finding that he had three previous convictions for violent felonies that supported imposition of a sentence under the Armed Career Criminal Act, 18 U.S.C. §924(e). Two of Hayes' ACCA predicates were for burglary convictions under California Penal Code §459. Hayes' conviction and sentence were affirmed on appeal in an unpublished *per curiam* opinion. *United States v. Hayes,* 87 Fed. Appx. 603, Case No. 03-2639 (8th Cir. January 21, 2004).

In 2005 Hayes filed a motion to vacate, correct or set aside his sentence under 28 U.S.C. § 2255. E.D. Mo. Case No. 4:05CV163 DJS. Judge Stohr denied that motion and denied a certificate of appealability. Hayes did not appeal from that denial. He later filed several petitions to file successive § 2255 motions, which were denied.

After the Supreme Court decided *Johnson,* the Eighth Circuit Court of Appeals granted Hayes' petition for authorization to file a successive habeas application in the district court. Case No. 16-2233 (8th Cir. June 22, 2016) (docket entry #3). The Court of Appeals then ordered the matter transferred to this court

(docket entry # 5). The case is thus properly before this court for consideration on the merits.[1]

## Discussion

Hayes' claim for relief relies on the interaction of several recent Supreme Court cases interpreting the Armed Career Criminal Act, 18 U.S.C. §924(e). That act enhances the sentences in felon in possession cases from a ten-year maximum to a fifteen-year mandatory minimum if a defendant has three previous convictions for a "violent felony."  The statute defines violent felony to include any felony that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added for "residual clause").

When Hayes was initially sentenced, his California burglary convictions qualified as violent felonies under the "enumerated acts" subsection of the ACCA, that is, they were considered burglaries under the first portion of subsection (e)(2)(B)(ii). He was thus subject to the fifteen-year-to-life imprisonment range under the ACCA, instead of the ten-year statutory maximum otherwise applicable

---

[1] As discussed at the hearing held on August 1, 2016, the authorization to file a successive petition does not provide any guidance on the merits of movant's claim to relief; it merely allows this Court to consider the claim on the merits.

to felon in possession cases under 18 U.S.C. §924(a)(2). In *Descamps v. United States,* 133 S.Ct. 2276 (2013), however, the Supreme Court held that a conviction under the very California burglary statute Hayes was convicted of could not be considered one of the enumerated offenses for ACCA enhancement purposes. But *Descamps* did not provide a basis for relief for people such as Hayes, for two reasons. First, *Descamps* was a rule of statutory interpretation and was not a rule of constitutional law made retroactive to cases on collateral review. *Headbird v. United States*, 813 F.3d 1092, 1097 (8th Cir. 2016); *Ezell v. United States,* 778 F.3d 762, 766 (9th Cir. 2015). Second, the crime of burglary under the California statute remained covered by the "residual clause" of the ACCA. *See Talmore v. United States,* 585 Fed. Appx. 567 (9th Cir. 2014) (rule of *United States v. Park,* 649 F.3d 1175 (9th Cir. 2011), that California burglary convictions were violent felonies under the residual clause was not changed by *Descamps*). Thus, before *Johnson* was decided, movant Hayes had no basis to obtain relief under §2255.

In *Johnson v. United States,* 135 S.Ct. 2551 (2015), the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague. More recently, the Supreme Court held that *Johnson* had announced a new substantive rule that applied retroactively to cases on collateral review. *Welch v. United States,* 136 S.Ct. 1257 (2016). On the basis of *Johnson* and *Welch*, movant argues that his

previously imposed sentence violates the constitution, and that he was only subject to the ten-year statutory maximum sentence.

The government opposes the requested relief, arguing that this is really a claim brought under *Descamps*. The government concedes that were Hayes to be sentenced today, he would not be considered an Armed Career Criminal. But the government argues that at the time Hayes was sentenced his California burglary convictions qualified under the "enumerated" clause of the ACCA, and that *Johnson* cannot change his status.

This argument ignores the reality of *Johnson*. Hayes' two California burglary convictions can no longer qualify as "violent felonies" under either the enumerated clause or the residual clause of the §924(e)(2)(b)(ii). Even if *Descamps* had been a retroactive new rule, it would not have provided Hayes any relief, because the burglary convictions still qualified under the residual clause. *Johnson's* holding that the residual clause is unconstitutional is what provides the basis for relief for Hayes in this case. The government's argument that a claim was based on *Descamps* instead of *Johnson* in similar circumstances has been rejected by other district courts. *See United States v. Ladwig*, 2016 WL 3619640, Case No. 2:03-CR-00232RHW (E. D. Wash. June 28, 2016); *United States v. Navarro,* 2016 WL 1253830, No. 2:10-CR-2104-RMP (E. D. Wash. March 10, 2016).

I conclude that the 188 month sentence violated due process because it exceeds the 10-year statutory maximum for the federal offense of being a felon in possession of a firearm.[2] Hayes is nearing the completion of his 188 month sentence, with an estimated release date of September 21, 2016; he is apparently now housed at a residential re-entry center. I will therefore reduce his sentence to time served.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, set aside or correct sentence [1] is granted.

**IT IS FURTHER ORDERED** that defendant's sentence of imprisonment is reduced to time served, and his term of supervised release is reduced to three years; all other portions of his sentence remain as previously imposed.

**IT IS FURTHER ORDERED** that an amended Judgment is entered in Case No. 4:02CR536 CDP today, and the Clerk of Court is also directed to docket a copy of this Memorandum and Order in that criminal case.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of August, 2016.

---

[2] The five-year term of supervised release previously imposed is also invalid, as the maximum term of supervised release for a felon in possession not covered by the ACCA is only three years. Without the ACCA enhancement, Hayes' sentencing guidelines would have recommended a range of 110 to 137 months imprisonment.